# NO. 12-16-00316-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL ALLYN KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Michael Allyn Kennedy filed a petition for writ of mandamus, in which he complains of the trial court's failure to rule on his motion for a nunc pro tunc judgment to correct his sentence and to "set offense charge from the indictment." We deny the petition.

### PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

### AVAILABILITY OF MANDAMUS

The duty of the trial court is to see that the cases before it proceed in an appropriate fashion. *In re Cash*, No. 06–04–00045–CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.). In general, however, it does not have a duty to rule on "free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *Id*.

Relator alleges that his motion pertains to trial court cause number 29326. However, Relator's theft conviction has been final for several years, and cause number 29326 is not currently pending in the trial court. *See **Kennedy v. State***, No. 12–11–00041–CR, 2012 WL 3201924, at \*8 (Tex. App.—Tyler Aug. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming judgment on punishment); *see also **Kennedy v. State***, No. 12–08–00246–CR, 2009 WL 4829989, at \*3–4 (Tex. App.—Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication) (affirming judgment of conviction). Because Relator's motion is not related to a case that is currently pending in the trial court, Relator has not shown that Respondent has a duty to take any action on the motion. Consequently, Relator has not established a clear right to mandamus relief.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** his petition for writ of mandamus.

Opinion delivered December 9, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 9, 2016**

**NO. 12-16-00316-CR**

**MICHAEL ALLYN KENNEDY,**
Relator
v.
**HON. MARK A. CALHOON,**
Respondent

---

## ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by **MICHAEL ALLYN KENNEDY**, who is the defendant in Cause No. 29326, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on December 7, 2016, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and J., Neeley*